IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 8:21 CR 411 |
| | ) | 18 U.S.C. § 2261A(2)(B) |
| | ) | 18 U.S.C. § 875(c) |
| vs. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | |
| GABRIEL MICAH STEPHENS | ) | INDICTMENT |

RECEIVED
USDC CLERK, GREENVILLE, SC
2021 JUL 13 PM 12: 03

## COUNT 1

THE GRAND JURY CHARGES:

That beginning on or about September 18, 2018, and continuing through in or about June 2021, in the District of South Carolina and elsewhere, the defendant, GABRIEL MICAH STEPHENS, with the intent to harass and intimidate a person, used the mail, an interactive computer service, electronic communication service, an electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce to engage in a course of conduct that caused, and would be reasonably expected to cause, substantial emotional distress to a person, to-wit: GABRIEL MICAH STEPHENS (1) sent emails, text messages, and E-Cards to employees of Itron working in its West Union, South Carolina, facility, threatening them with harm and disparaging them and their family members, (2) placed multiple large food orders in employees' names for pickup, (3) signed employees up for various marketing emails from webpages such as www.zillow.com using the employees' corporate email addresses, and (4) caused unwanted calls to them via Prankdial.com and other prank call applications.

In violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNTS 2-6

THE GRAND JURY FURTHER CHARGES:

On or about each of the dates reflected below, in the District of South Carolina and elsewhere, the defendant, GABRIEL MICAH STEPHENS, knowingly and willfully did transmit in interstate and foreign commerce, a communication, to wit: E-Cards to a person or persons whose identity is known to the Grand Jury, and the communication contained a threat to injure a person known to the Grand Jury as specifically indicated below:

| Count | Date | Victim | Threat Made |
|-------|------|--------|-------------|
| 2 | 5/15/2019 | JC | Not sure but thinking it's time to just go ahead and take Brian Barron out. Maybe today around 10ish am. See how I feel then when I get there. Idk maybe.. |
| 3 | 6/22/2019 | MW, KR, DH | I am so excited about Itron  utility week this fall in Florida. After it is all said and done they will not even be able to  identify them assholes with  dental records!! |
| 4 | 3/27/2021 | BB, BG, CS, JD, KR, MW | "You're a complete fucking idiot and I?m gonna blow your goddamn head off. Im currently blow my sweet pea Steven Addis head off!! " |
| 5 | 1/12/2021 | BB, BG, DH, JC, JD, KR, WM, SA | You know what I want to do? I want to take that dogface Kim. Ok? I want to pull that wig off ok? And I want to stuff that wig up that artificial pussy ok? I want to push it so hard that the screws that the fake mad pussy doctor put in falls the duck out!!!!! Bare back Barron it's time to parish!!! |

| 6 | 7/11/2020 | DT | That's right me and my niggers are gonna fuck your wife up. . . |

All in violation of Title 18, United States Code, Section 875(c).

## **FORFEITURE**

INTERSTATE COMMUNICATION OF THREATS:

Upon conviction to violate Title 18, United States Code, Section 875 as charged in this Indictment, the Defendant, GABRIEL MICAH STEPHENS, shall forfeit to the United States any property, real or personal, which constitutes, is traceable, or is derived from any proceeds the Defendant obtained, directly or indirectly, as the result of such violations.

PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violations charged in this Indictment includes, but is not limited to, the following:

    (A)    Cash Proceeds / Forfeiture Judgment:

        A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, or traceable to such property, and all interest and proceeds traceable thereto.

    (B)    Electronic Equipment:

        1.    Nextbook laptop / tablet, Model NEXT7P1285
              S/N: YFG111280571

        2.    Apple iPad, S/N: GG7DPGAWQ16M

        3.    Samsung Galaxy S111 gun metal color with cracked screen
              S/N: Unknown

        4.    Apple iPhone light blue color with cracked screen
              S/N: Unknown

        5.    Apple iPhone slate gray color
              S/N: Unknown

        6.    Sony IC digital tape recorder

        7.    Apple iPad rose gold color, S/N: DMPWCFNGJMXJ

4

8.      Western Digital 80GB hard drive, S/N: WCAA52289867

9.      Apple iPhone blue color
S/N: Unknown

10.      Acer laptop, S/N: NXMMZAA0054320EBFA7600

11.      ASUS X555L laptop
S/N: Unknown

12.      Apple iPhone gold color Model A1633
S/N: Unknown

13.      Motorola black cell phone
S/N: Unknown

14.      Apple iPad S/N: DLXR2TD2GMW3

SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the Defendant-

A.      Cannot be located upon the exercise of due diligence;
B.      Has been transferred or sold to, or deposited with, a third person;
C.      Has been placed beyond the jurisdiction of the court;
D.      Has been substantially diminished in value; or
E.      Has been commingled with other property which cannot be
subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the Defendant up to the value of the forfeitable property.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A _TRUE_    Bill

<u>REDACTED</u>
FOREPERSON

M. RHETT DEHART  (WJW/jal)
ACTING UNITED STATES ATTORNEY